IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSEPH PETTIGREW,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| **ADONAI BEYOND EVERYTHING, LLC.** | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Joseph Pettigrew ("Plaintiff" or "Pettigrew") sues Defendant, Adonai Beyond Everything, LLC ("ABE, LLC" or "Defendant") and states as follows:

### CAUSES OF ACTION

1. This is an action for the recovery of unpaid wages and overtime wages brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, *et. seq.* (FLSA), and Title 2, Chapter 61 of the Texas Labor Code. Additional state law causes of action include breach of contract, unjust enrichment, and quantum meruit.

### PARTIES

2. Plaintiff Joseph Pettigrew is an individual who currently resides in Tarrant County, Texas.

3. Defendant Adonai Beyond Everything, LLC is a Texas Limited Liability Company and does business in Tarrant County, Texas. ABE, LLC can be served through its registered agent, Gregory Pettigrew, at 2209 Waterbury Place, Arlington, Texas 76013.

**COMPLAINT AND DEMAND FOR JURY TRIAL** – Page 1

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b) because this action involved a federal question under the Fair Labor Standards Act. Jurisdiction over the state law claim set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

5. Personal jurisdiction and venue are proper in the United States District Court for the Northern District of Texas, Fort Worth Division, because at all times material, Defendant resided in and/or conducted business in, and all significant events giving rise to Plaintiffs claims occurred within Tarrant County, Texas.

## GENERAL ALLEGATIONS

6. At all times relevant, Defendant ABE, LLC operated an on-line Bitcoin mining operation at 2202 E. Road to Six Flags, Arlington, TX 76011.

7. ABE, LLC has five members—Tim Brown ("Brown"), Patrick Hakim ("Hakim"), Gregory Pettigrew ("G. Pettigrew"), Billy-Ray Thomas ("Thomas"), and Ryan T.K. Sugai ("Sugai").

8. At all times material hereto, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant, Defendant ABE, LLC employed Plaintiff who was engaged in interstate commerce.

10. In or around June 2019, Plaintiff was hired by the then, future members of ABE, LLC—Brown, Hakim, G. Pettigrew, Thomas, and Sugai—to engage in the set-up of ABE, LLC's future Bitcoin mining site in Arlington, Texas. This set-up included testing the more

than 300 second-hand mining machines (hereinafter "miners") used for the Bitcoin mining, locating the physical site for the mining operation; preparation of the building site including construction of the frame for the ventilation box, construction of the ventilation box, rack setup for the miners, construction of the electrical panel frames, wiring of the miner racks to the electrical panels, setup of the electrical transformers, and networking all miners, and the physical set-up of the 300 miners to be used in the operation.

11. Following its formation in August 2019, Plaintiff was hired by ABE, LLC to continue the set-up operations described in Paragraph 10 above and to continue on as full-time employee performing network administrator and facilities manager functions for the entire mining operation from the mining site in Arlington, Texas.

12. In this role, Plaintiff's responsibilities included, but was not limited to, remote and physical monitoring of the miners to ensure maximum uptime, diagnosing and remedying miner software issues, diagnosing and repairing physical miner issues (such as removing and replacing miner fans, power supplies, hash boards, and control boards), replacing inoperable miners, assigning or reassigning miners to the network and reconfiguring them to mine to the slush pool, concrete coring within the ventilation box to allow better air flow, diagnosing and remedying airflow and overheating issues, responding to any facility alarms to secure the property, and meeting with various contractors and ensuring that that the building was accessible for them to do their work.  Additionally, Plaintiff acted as an agent of ABE, LLC setting up services such as network services through providers such as AT&T on behalf of ABE, LLC.

13.     Plaintiff continued to work for ABE, LLC performing full-time network administrator and facilities manager functions until late September/early October 2020 following the Defendant's decision to shut down the mining operation.

14.     At all times while employed by Defendant, Plaintiff worked an average of forty (40) hours a week. Additionally, Plaintiff was always on-call in the event one of the miners went down, which frequently resulted in him working overtime in many work weeks.

15.     Despite knowing that Plaintiff performed the work described in paragraph 9-14 on behalf of the Defendant from June 2019 until approximately September 30, 2020, Defendant did not ever pay Plaintiff for any of the work he performed in violation of the FLSA and the Texas Payday Act.

16.     Defendant agreed that Plaintiff would be compensated for the services provided to ABE, LLC at a rate of $84,000 per year, which comes out to a regular rate of $40.38/hour.

17.     Plaintiff estimates that while performing network administrator and facilities manager services for the Defendant he worked approximately 2,600 hours during June 1, 2019 through September 30, 2020, for which he received no compensation.

18.     Plaintiff conservatively estimates while performing network administrator and facilities manager services for the Defendant he worked approximately 300 overtime hours during June 1, 2019- September 30, 2020, for which he received no compensation.

19.     Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

## COUNT I
## FAILURE TO PAY WAGES & OVERTIME WAGES IN VIOLATION OF THE FLSA, 29 U.S.C §§ 206 & 207

20. Plaintiff re-alleges and adopts, as if fully set forth in Count I, the allegations in paragraphs l through 19.

21. During the relevant time-period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to compensation for all hours worked up to 40 hours in a work week at the agreed upon compensation rate.

22. During the relevant time-period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

23. During the relevant time-period, Defendant routinely required Plaintiff to work in excess of forty (40) hours in a workweek

24. In violation of the FLSA, Defendant willfully failed to pay Plaintiff any wages for the hours worked up to forty (40) hours in each work week at his regular hourly rate, and willfully failed to pay Plaintiff for the hours he worked over forty (40) in a work week and time and one-half his regular rate of pay for each overtime hour worked.

25. As a direct result of Defendant's violation of the FLSA, Plaintiff has suffered damages in the way of unpaid wages and overtime compensation.

26. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

27. Plaintiff is entitled to recover from Defendant the unpaid overtime compensation, an additional equal amount as liquidated damages, prejudgment interest,

and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## BREACH OF CONTRACT

28. Plaintiff re-alleges and adopts, as if fully in Count II, the allegations in paragraphs 1 through 27.

29. Defendant entered into a contract with Plaintiff for Plaintiff's services, specifically the network administrator and facilities manager services performed on behalf of Defendant.

30. Plaintiff performed these network administrator and facilities manager services for Defendant from approximately June 1, 2019 until September 30, 2020.

31. Defendant has breached the contract with Plaintiff by refusing to pay Plaintiff for the performance of these network administrator and facilities manager services Plaintiff performed on behalf of Defendant pursuant to the contract with Defendant.

32. As a result of Defendant's breach, Plaintiff has been severely harmed by Defendant's non-payment for the network administrator and facilities manager services provided by Plaintiff to Defendant.

33. Plaintiff is entitled to compensatory damages, exemplary damages, attorneys' fees and costs, and all other damages permissible under the law including, but not limited to, Title 2, Chapter 41 of the Texas Civil Practice and Remedies Code.

## COUNT III
## QUANTUM MERUIT

34. Plaintiff re-alleges and adopts, as if fully set forth in Count III, the allegations in

**COMPLAINT AND DEMAND FOR JURY TRIAL** – Page 6

paragraphs 1 through 33.

35. Plaintiff provided to the benefit of Defendant valuable network administrator and facilities manager services to Defendant. Plaintiff's services were accepted, used, and enjoyed by Defendant.

36. Defendant knew that Plaintiff reasonably expected to be compensated for the network administrator and facilities manager services that Plaintiff provided to the benefit of Defendant.

37. Defendant never compensated Plaintiff for the network administrator and facilities manager services that he provided to the benefit of Defendant.

38. Plaintiff is entitled to compensatory damages, exemplary damages, attorneys' fees and costs, and all other damages permissible under the law including, but not limited to, Title 2, Chapter 41 of the Texas Civil Practice and Remedies Code.

## COUNT IV
## UNJUST ENRICHMENT

39. Plaintiff re-alleges and adopts, as if fully set forth in Count IV, the allegations in paragraphs 1 through 38.

40. Defendant has been unjustly enriched by the network administrator and facilities manager services Plaintiff provided to Defendant.

41. Defendant obtained the benefits of Plaintiff's network administrator and facilities manager services by fraud and by taking undue advantage of the Plaintiff.

42. Defendant never compensated Plaintiff for the network administrator and facilities manager services that he provided to the benefit of Defendant.

43. Plaintiff is entitled to compensatory damages, exemplary damages, attorneys' fees and costs, and all other damages permissible under the law including, but not limited to, Title 2, Chapter 41 of the Texas Civil Practice and Remedies Code.

WHEREFORE, Plaintiff Joseph Pettigrew demands judgment against Defendant for unpaid wages, unpaid overtime compensation, statutory liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to Section 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, a demand a trial by jury as to all issues triable as of right,

Dated this 26th day of January, 2021.

Respectfully submitted,

*/s/ Amanda A. Todd-Thomas*
Amanda A. Todd Thomas
State Bar No.: 24042656
amanda@attlawgroup.com

A. Todd-Thomas, PLLC
420 Throckmorton St., Suite 200
Fort Worth, Texas 76102
Telephone: (214) 403-1338
Facsimile: (817) 887-1390

**ATTORNEY FOR PLAINTIFF**